UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH McKENDALL** | **CIVIL ACTION** |
| **versus** | **NO. 10-4448** |
| **ROBERT C. TANNER, WARDEN** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

    Petitioner, Joseph McKendall, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On or about November 26, 2010, he filed the instant petition seeking relief under 28 U.S.C. § 2254.[1] He subsequently filed an amended petition.[2]

    This petition is only the latest in a series of cases petitioner has filed over the years involving his state conviction and the related revocation of his parole by state authorities. Because both petitioner and the facts of his case are well known to the Court, it is unnecessary to require the state to produce a copy of the state court record yet again. Further, because it evident from the record that relief should not be granted, no response from the state is required. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] Rec. Doc. 2.

[2] Rec. Docs. 4 and 5.

## I. Procedural Background

The facts of petitioner's state conviction and subsequent parole revocation were previously recounted by this Court in detail in connection with his prior federal *habeas corpus* petition:

> On September 21, 1992, petitioner pleaded guilty to attempted armed robbery in violation of Louisiana law and was sentenced to a term of thirty years imprisonment without benefit of probation, parole, or suspension of sentence.
> On August 21, 2006, petitioner was released from incarceration by diminution of sentence as if on parole.
> On April 23, 2007, petitioner admitted that he was using drugs and having mental health problems. As a result, he was referred to the Lurline Smith Mental Health Center for treatment; however, after several months of treatment, he was removed from that program due to his continued use of drugs and/or alcohol. On October 4, 2007, he failed a drug test and admitted using marijuana and cocaine.
> On October 24, 2007, the Parole Board found petitioner guilty of violating the conditions of his parole. However, rather than revoking his parole, the Parole Board elected only to issue petitioner a reprimand and add as a special condition of his parole that he attend and successfully complete a substance abuse program.
> Petitioner then enrolled in a private drug treatment program administered by Addiction Counseling and Educational Resources ("ACER") in Mandeville, Louisiana, starting that program on November 13, 2007. However, within less than a month, petitioner was having attendance problems and acting out in sessions. Eventually, those and other problems led to ACER requiring him to enter into a contract agreeing to certain stipulations in order to remain in the program.
> Unfortunately, petitioner failed to comply with those stipulations as agreed. Based on that fact and on an incident on January 8, 2008, ACER discharged petitioner from the program. In a report dated January 10, 2008, ACER staff members stated:
>
>> Client has yet to follow any of the requirements placed by the facility or recommendations of the counselors. Client admitted

to continuing to use substances on November 19, 2007, November 23, 2007, December 4, 2007, December 11, 2007 and on December 24th, client reported how hard it is for him to stop drinking thereby implying that he was still doing so.  Client has missed group a total of 10 times.  Client should have been at session number 27, which means that client should almost be finished with the first half of the program.  Client continued to produce positive drug screens, make inappropriate gestures to female group members and staff, client continued to miss group after being told by his counselor not to miss again.  Due to client's behavior, client was placed on contract on December 18, 2007 and placed on a waiting list to go inpatient on January 2, 2008.  Client was enraged.  Client told counselor that he did not care about being locked up again and that the inpatient facility would have to deal with him.  He said it in a threatening manner.

      On January 8, 2008, Client came to group and had a negative attitude from the start; this was reflected through his feelings check in.  Client was using vulgar language and in a very inappropriate manner and tone.  Client was very disrespectful towards the group, the group facilitator, the facility, and other counselors.  Client reported that the counselor Blakely, his case manager, was the devil and that she is the reason that he feels the way that he does.  Client was very rude, angry, and hostile.  Counselor told the client that that was enough and the client continued to use aggressive behavior and language.  Client was then asked by the facilitator to leave the group.  Client left.  It was later reported by the other group members that they felt threatened by the client's behavior.  Client was staffed by the treatment team and it was decided that this level of care is not appropriate and that he is not welcomed back to this facility.  The staff feels that now they are forced to work in a hostile environment due to this client's criminal past.  Staff feels that they have to take extra measures and precautions to keep mainly the clients safe and themselves.  All members of the

> staff are intimidated and concerned with their safety due to this discharge.
>
> In another report dated January 15, 2008, ACER staff stated:
>
>> Antonio McKendall was discharged from Addiction Counseling and Educational Resources on January 8, 2008. Antonio was enrolled in the Intensive Outpatient Program. Antonio was discharged negatively from the facility as the result of a rage episode displayed in group on January 8, 2008. He was asked to leave the group at the time of the incident. At that point, Antonio was making group an unsafe environment for the other group members and the facilitator.
>
> On March 18, 2008, petitioner appeared before the Parole Board for a formal revocation hearing. Based on the evidence at that hearing, the Parole Board revoked petitioner's parole after finding him guilty of violating the special condition of his parole that he attend and successfully complete a substance abuse program.

McKendall v. Tanner, Civ. Action No. 08-5046, 2009 WL 1811013, at *2-4 (E.D. La. June 23, 2009) (footnotes omitted).

After those events transpired on the state level, petitioner filed his first federal *habeas corpus* petition seeking relief under 28 U.S.C. § 2254 on November 12, 2008. In that petition, he claimed that he was wrongly terminated from the drug treatment program for exercising his freedom of speech and that his parole should not have been revoked based on his "technical violations." On June 23, 2009, that petition was dismissed with prejudice. McKendall, 2009 WL 1811013. He did not appeal that dismissal.

Petitioner then attempted to obtain relief by filing a lawsuit pursuant to 42 U.S.C. § 1983 in July of 2009. In that federal complaint, he claimed that his rights were violated in the parole

revocation process and that La.Rev.Stat.Ann. §§ 15:574.9(G) and 15:1186 are unconstitutional. However, that case was closed without disposition because he never paid the filing fee and was denied leave to proceed to as a pauper due to his history of filing frivolous lawsuits in federal court. McKendall v. Walker, Civ. Action No. 09-4620 (E.D. La. Aug. 6, 2009).  He did not seek review of the decision to deny him pauper status.

Petitioner has now filed the instant petition again seeking relief pursuant to 28 U.S.C. § 2254.  In his original petition, he again argues that La.Rev.Stat.Ann. §§ 15:574.9(G) and 15:1186 are unconstitutional.  In his amended petition, he additionally claims that the state district court lacked jurisdiction to accept his plea, erred in refusing to vacate the plea and sentence, and erred in denying his post-conviction motion as untimely.

## II.  28 U.S.C. § 2254

To the extent that petitioner is in fact seeking relief under § 2254 as indicated on his petition, the Court lacks jurisdiction to entertain his claims.  As noted, petitioner previously filed a petition for federal *habeas corpus* relief with respect to this same matter, and that petition was dismissed with prejudice.  Therefore, before he may file a second or successive *habeas corpus* application under § 2254 in this Court, he is required to first seek and obtain authorization to do so from the United States Fifth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3).  Because he has not complied with that requirement, this Court lacks jurisdiction and the instant second or successive petition should therefore be dismissed without prejudice.  See United States v. Key, 205 F.3d 773, 774-75 (5th Cir. 2000); Williams v. Thaler, Civ. Action No. H-10-2694, 2010 WL 4068713 (S.D. Tex. Oct. 8, 2010); Morris v. Cain, Civ. Action No. 09-648, 2010 WL 4180748 (M.D. La. Aug. 26,

2010), adopted, 2010 WL 4180110 (M.D. La. Oct. 20, 2010); Jenkins v. Cain, Civ. Action No. 08-811, 2010 WL 3384785 (M.D. La. July 21, 2010), adopted, 2010 WL 3385113 (M.D. La. Aug. 24, 2010).³

---

³ Moreover, even if the Court had jurisdiction, it is evident that the petition would still be subject to dismissal. To the extent that petitioner is challenging his original 1992 conviction and sentence, his petition had to be filed within one year of the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). To the extent that he is again challenging his parole revocation, his petition had to be filed within one year of that revocation on March 18, 2008. See 28 U.S.C. § 2244(d)(1); Ray v. Mitchem, 272 Fed. App'x 807, 809-10 (11th Cir. 2008); Cook v. New York State Division of Parole, 321 F.3d 274, 280-81 (2nd Cir. 2003); Simmons v. Wilkinson, Civ. Action No. 07-1653, 2008 WL 521366, at *2-4 (W.D. La. Feb. 6, 2008) (Kirk, M.J.) (adopted by Drell, J., on February 27, 2008). The instant petition was not filed until on or about November 26, 2010, long after those deadlines expired, and it is therefore untimely.

Additionally, the Court notes that petitioner's claim that La.Rev.Stat.Ann. § 15:1186 is unconstitutional is not even cognizable in a federal *habeas corpus* proceeding. Section 15:1186 governs the pursuit of civil actions as a pauper in the Louisiana state courts. The constitutionality of that statute therefore has absolutely no relevance to or bearing on the validity of petitioner's incarceration, which is the only matter of concern in a *habeas corpus* proceeding. 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." (emphasis added)).

Further, petitioner's claim that the state district erred in denying his post-conviction motion as untimely is likewise improper. Because that claim concerns only the state post-conviction proceedings and does not affect the validity of his underlying conviction or sentence, it is not cognizable in a federal *habeas corpus* relief and cannot serve as a basis for relief. See, e.g., Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal." (footnote omitted)); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks omitted)); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La. Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug.15, 2007).

### III.  42 U.S.C. § 1983

Out of an abundance of caution, the Court further notes that it would not be appropriate to construe the instant petition as a complaint seeking relief under 42 U.S.C. § 1983. As previously noted in Civil Action No. 09-4620, petitioner's long history of frivolous litigation bars him from filing a § 1983 complaint unless he pays the required filing fee.[4]  Because he has not paid the $350.00 fee required to file a § 1983 complaint and because his pauper application indicates he has no funds to pay such a fee, it is not appropriate for the Court to construe the instant petition as a § 1983 complaint.  If petitioner wishes to pursue these claims under § 1983, he may pay the filing fee in Civil Action No. 09-4620.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Joseph McKendall** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

---

[4] Federal law provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Petitioner has at least *five* such dismissals: McKendall v. Lensing, Civ. Action No. 01-0539 (M.D. La. Nov. 14, 2001); McKendall v. Stalder, Civ. Action No. 04-0371 (M.D. La. Aug. 16, 2004); McKendall v. Stalder, 145 Fed. App'x 890 (5th Cir. 2005); McKendall v. Blakely, Civ. Action No. 08-4722, 2008 WL 5083829 (E.D. La. Nov. 26, 2008); and McKendall v. St. Tammany Parish Jail, Civ. Action No. 08-1719, 2009 WL 1158856 (E.D. La. Apr. 28, 2009).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twentieth day of January, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.